**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4581**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

ANTHONY LAMONTE PACE,

> Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00401-JAB-2)

Submitted: December 4, 2009      Decided: December 16, 2009

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lamonte Pace pled guilty, pursuant to a plea agreement, to one count of distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Following a jury trial, Pace was convicted of one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006); he was sentenced to a total of 128 months' imprisonment. Pace appeals his sentence, alleging that it is substantively unreasonable because it is greater than necessary to further the goals of the 18 U.S.C. § 3553(a) (2006) sentencing factors. We affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 49-51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. Because Pace challenges only the substantive reasonableness of his sentence, we need not consider whether his sentence is procedurally reasonable. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding that a party who fails to assert claims in the

argument section of its opening brief is deemed to have abandoned those claims).

This court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). This court accords a sentence within the properly calculated guidelines range an appellate presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). We have thoroughly reviewed the record and find that Pace has failed to rebut that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors). We thus find the sentence reasonable.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED